## PROVIDENT LIFE & ACCIDENT INS. CO. v. JOHNS.

### No. 10850.

Court of Civil Appeals of Texas. Galveston. July 20, 1939.

Rehearing Denied Sept. 28, 1939.

Wood & Morrow, of Houston, for appellant.

Morris Pepper, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, awarding the appellee as assignee of the beneficiary therein a $150 recovery against appellant on its combination life, health and accident policy upon the life of Mattie Ford, who died on January 3 of 1938, together with an additional $18 as 12% penalty for delay and $75 as a reasonable attorney's fee for the bringing and prosecution of the suit.

The learned trial judge filed these findings of fact and conclusions of law, in support of its judgment:

"Findings of Fact.

"1. I find, as a fact, that the Provident Life & Accident Insurance Company, on the 22nd day of August, 1932, issued a policy of insurance, No. 3305334, insuring the life of Mattie Ford, and that said policy was a combination of life, health and accident policy, and that Henry Ford was named as beneficiary in said policy.

"II. I further find that all premiums were duly paid upon said policy, and that the said policy provided, upon the face thereof, for the payment of One Hundred Fifty ($150.00) Dollars for natural death.

"III. I further find that the insured underwent an operation for removal of the uterus, and that surgical shock followed said operation, causing the death of the said insured on January 6, 1938. I further find that death under such circumstances is not an unusual, unnatural nor unexpected occurrence, and that it can reasonably be anticipated.

"IV. I also find that due notice of death and proof of death were all duly furnished to the defendant, Provident Life & Accident Insurance Company, and that demand was made more than thirty (30) days before the filing of this suit upon the said insurance company to pay the amount due under said policy of insurance, and that the said Provident Life & Accident Insurance Company failed and refused to pay the said sum of One Hundred Fifty ($150.00) Dollars, but tendered to plaintiff the sum of Sixteen and 25/100 ($16.25) Dollars in full payment thereof.

"V. I further find that on or about the 6th day of January, 1938, Henry Ford,

beneficiary, for a valuable consideration, transferred and assigned all of his right, title and interest in and to said policy of insurance to plaintiff, J. H. Johns, doing business as J. H. John's Funeral Home.

"VI. I also find that the sum of Seventy Five ($75.00) Dollars is a reasonable attorney's fee.

## "Conclusions of Law.

"I conclude, as a matter of law, that the policy of insurance was in full force and effect at the time of the death of the insured, and that the death of said insured was a natural death, and that the provisions governing life insurance policies should apply, and that the exception contained in said policy of insurance under Part XVI (5) does not apply, and that plaintiff is entitled to the face value designated in said policy, to-wit, One Hundred Fifty ($150.00) Dollars, and also Eighteen ($18.00) Dollars as twelve (12%) per cent penalty, and the additional sum of Seventy-five ($75.00) Dollars as reasonable attorney's fee.

"Phil D. Woodruff, Judge."

The appellant makes but a single attack upon such judgment, which it couches under this proposition of law: "The Court erred, under the evidence in this case, in finding as a fact that death in this case was not an unusual, unnatural or unexpected occurrence and could reasonably be anticipated, and concluding therefrom, as a matter of law, that Mattie Ford's death was a natural death."

Further, in so grounding its case upon the sole contention that Mattie Ford's death was not a natural one within the meaning of the policy sued upon, it confesses to have found "but one case in all of our English-speaking jurisdiction which defines natural death", and cites that case as being Slevin v. Board of Police Pension Fund Commissioners, 123 Cal. 130, 55 P. 785, 44 L.R.A. 114, by the Supreme Court of California.

On consideration of this cause, this court is unable to see eye-to-eye with the appellant in the view it thus takes; on the contrary, especially since none of the fact findings of the court below are in any respect attacked, it approves not only them, but the appended conclusions of law as well.

In other words, without extended discussion, this court differs with appellant's conception as to what is a natural death, with-in the purview of our insurance laws, and approves the trial court's conclusion as to what it is, instead; furthermore, the Slevin case, so invoked, seems to us not to be at all in point, because in that instance the insured was killed, with that policy providing for payment if death resulted from natural causes, the effect of the California court's holding therefore being that, where an insured is killed, it does not mean that he dies from natural causes.

Whereas, in the case here at bar, there was not only no contention that this insured was killed, but further the uncontroverted proof and the unattacked finding of the court was in effect that she died as a result of sickness or disease, accelerated by the shock of an operation to relieve it; so that, her illness in bed for an extended time from a serious disease having been indisputably established, the operation should be regarded as just a method of treatment for that disease by her physician.

Wherefore, it is thought, the learned trial court was correct in holding as a matter of law that the death was a natural one.

The appealed from judgment will be affirmed.

Affirmed.